UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | Case No. 15-17390 |
| ) | Hon. Jack B. Schmetterer |
| GEORGE ANTHONY GARTH, ) | Room 682 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| LCS CONSTRUCTION, INC., a creditor ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GEORGE ANTHONY GARTH, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF CREDITOR, LCS CONSTRUCTION, INC., UNDER 11 U.S.C. § 727 OBJECTING TO THE DISCHARGE OF THE DEBTOR**

NOW COMES Plaintiff, LCS Construction, Inc. ("LCS"), by its attorneys Ariel Weissberg and the law firm of Weissberg and Associates, Ltd., and as LCS' Complaint under 11 U.S.C. § 727, and Federal Rule of Bankruptcy Procedure 7001(4), objecting to the discharge of the above-captioned Debtor (alternatively, "Debtor" or "Garth,"), respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, in that this adversary proceeding: (a) arises under title 11of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"); and (b) arises in the above-captioned case pending before the United States Bankruptcy

1

Court for the Northern District of Illinois (the "Court"). The Debtor has minimum contacts with the United States and the State of Illinois.

2. This Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States so as to establish personal jurisdiction over the Debtor with respect to this Adversary Proceeding.

3. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. 157(b)(2)(J) of the United States Code, LR 40.3.1 and IOP 15A of the United States District Court for the Northern District of Illinois.

4. Venue is properly in this Court pursuant to 28 U.S.C. §1409(a) in that the Debtor's Chapter 7 Petition in Bankruptcy was filed in this District.

## BACKGROUND FACTS

5. On May 2, 2008, LCS filed a Complaint against the Debtor George Anthony Garth ("Garth") and his company, George Anthony Garth Masonry, Inc. ("GAG"), claiming among other things, that Garth and GAG had tortiously interfered with business relations, captioned as, *LCS Construction Co. v. Anthony Garth, et al*, as case no. 2008 L 4810 ("State Court Action") in the Circuit Court of Cook County, Illinois, Law Division, County Department ("Circuit Court"). On April 28, 2011, after Garth had refused to comply with multiple discovery orders, the Circuit Court entered judgment in the State Court Action against Garth and GAG, jointly and severally, in the amount $141,513.54 ("Judgment Order"). *See* Judgment Order, attached hereto as Exhibit "1."

6. On September 28, 2011, LCS initiated supplementary proceedings against GAG and Garth to collect on the Judgment Order, by issuing and serving, Citations to Discover Assets against both Garth and GAG ("Citations"). *See* Citations against Garth and GAG, attached

2

hereto as Group Exhibit "2." Due to Garth's repeated instances of non-compliance with the Citations, the Court held Garth in contempt and issued body attachments on four separate occasions. During that time, Garth reported no assets or income for himself and GAG. Nevertheless, on or about November, 2012, in direct contravention of Garth's statements and court submissions pursuant to the Citations, LCS was able to locate checks which First American Title Insurance Co. ("FAT") had been issuing to GAG for masonry work GAG had performed on the Pullman Wheelworks Construction Project (the "Pullman Project").

7. Thereafter, on February 26, 2013, LCS served a third party citation to FAT to freeze any undisbursed funds owed to GAG. Ultimately, FAT froze $64,045.70 in undisbursed funds. On April 1, 2013, LCS filed a Motion for Turnover of the funds held by FAT.

8. On April 3, 2013, Garth filed a Chapter 13 Bankruptcy Petition in Case No. 13-13860. On April 16, 2013, Garth filed a Statement of Assets (Schedules A-C) and a Statement of Financial Affairs. *See* Garth's Statement of Assets attached hereto as Exhibit "3;" *see also* Garth's Statement of Financial Affairs, attached hereto as Exhibit "4."

9. In his Statement of Assets, Garth reported the following:

    a. Residence located at 15308 Lincoln, Harvey, IL, held in fee simple, and valued at $61.439.00;

    b. 2003 BMW 745 LI valued at $5,181.00;

    c. 2008 Ford F-150 valued at $11,528.00;

    d. 2008 39 foot Searay, valued at $32,000.00;

    e. Scaffold – Hydraulic Bennu (scaffolding equipment) valued at $40,000.00.

*See* Exhibit "3."

10. In addition, in Section 18 of his statement of Financial Affairs, Garth claimed an interest in AG. *See* Exhibit "4."

11. At the initial creditor's meeting, Garth claimed that he had transferred his residence to his wife in or around March of 2013 but had not produced any documents evidencing the transfer or whether any consideration had been tendered. He also testified that he no longer owned the Searay but could not clearly explained how and under what circumstances his ownership ceased. He also could not provide any information on the condition of scaffolding equipment. Finally, as to AG, Garth claimed that it was owned by his son. However, Garth conceded that he had incorporated AG and remained its registered agent into November 2012.

12. Based on these issues, the Trustee requested that Garth produce additional documents and amend his Schedules as necessary to clear up all discrepancies. However, Garth failed to comply and the Trustee filed a Motion to Dismiss Garth's Petition for failure to file required documents. *See* Motion to Dismiss, attached hereto as Exhibit "5." On June 26, 2013, the Motion was granted and Garth's Petition was dismissed. *See* Order dated June 26, 2013, attached hereto as Exhibit "6."

13. While Garth's Chapter 13 Petition was pending, the Citation proceeding before the Circuit Court was stayed as to him individually but continued against GAG. Thus, the Circuit Court continued the proceedings related to LCS' Motion for Turnover of the funds held by FAT.

14. On June 7, 2013, AG Construction Services, Inc. ("AG") filed a Motion to Deny Turnover. In its Motion, AG claimed that 1) it was owned by Garth's son (a 22 year old with no prior business experience); 2) Garth had assigned the Pullman Project masonry subcontract to AG at some unspecified time; and 3) AG had performed all work on the Pullman Project.

4

15. On July 16, 2013, the Citation Proceeding as to Garth individually was removed from the Bankruptcy Stay Calendar.

16. After extensive briefing and a two day evidentiary hearing, the Circuit Court issued a 29 page written opinion on December 16, 2014. *See* Order and Opinion dated December 16, 2014, attached hereto as Exhibit "7" ("Order and Opinion"). In the Order and Opinion, the Circuit Court 1) found that AG was owned by Garth; 2) held there was no assignment of the Pullman Project masonry subcontract to AG; and, 3) held there was no evidence (other than the unreliable testimony of Garth and his son) which would establish that AG performed any work on the Pullman Project. Accordingly, the Circuit Court denied AG's Motion to Deny Turnover.

17. In addition, the Circuit Court stated, "It is apparent to this Court that Garth has not been cooperative in these proceedings, and upon reviewing the facts on record, this Court admonishes him for his conduct. If he does not demonstrate himself to be more amicable in future proceedings, the Court may use its discretion to apply sanctions." *See* Order and Opinion at page 26.

18. Finally, with regard to the funds held by FAT, the Court stated, "The Court grants LCS leave to pursue turnover of the remaining funds held by FAT due to GAG under the Pullman Contract. There are no obstacles to this turnover under Illinois law and therefore the assets should be produced to satisfy LCS' judgment without delay." *See* Order and Opinion at page 28.

19. Accordingly, on March 3, 2015, the Circuit Court granted LCS' Motion for Turnover and ordered the subject funds held by FAT to be turned over to LCS by March 6, 2015 ("Turnover Order").

20. At the hearing, AG's counsel indicated that he intended to file a Motion to Vacate the Turnover Order. The Circuit Court advised that it could not prevent AG's counsel from doing so, but ordered AG to file the Motion to Vacate on or before March 5, 2015. *See* Order dated March 3, 2015, attached hereto as Exhibit "8." Ultimately, on March 5, 2015, AG filed a Motion to Vacate the Turnover Order and a separate Motion for an Extension of Time to File a Motion to Reconsider the Circuit Court's Order and Opinion of December 16, 2014 Order. The Circuit Court entered a briefing schedule and scheduled the Motions for oral argument on May 7, 2015. The hearing date of M ay 7, 2015 was subsequently moved to May 18, 2015 by the Court. *See* Order dated March 24, 2015, attached hereto as Exhibit "9."

21. On May 16, 2015, two days prior to the hearing on AG's Motion to Vacate, Garth filed his voluntary petition to initiate the instant Chapter 7 Bankruptcy Case. *See* Garth's Chapter 7 Bankruptcy petition, attached hereto as Exhibit "10." Notably, despite the fact that Garth had testified under oath in the State Court Action that the funds held by FAT are the property of AG, and despite the Circuit Court's ruling that these funds are property of GAG, Garth listed the funds held by FAT as owned individually by himself in his Schedules.

22. At the same time, Garth did not list the following assets that had previously been disclosed on his 2013 Petition:

    a. Residence located at 15308 Lincoln, Harvey, IL, held in fee simple, and previously valued at $61.439.00;

    b. 2008 39 foot Searay, previously valued at $32,000.00;

    c. Scaffold – Hydraulic Bennu (scaffolding equipment) previously valued at $40,000.00; and

    d. A.G. Construction Services, Inc.

6

23. On June 29, 2015 and again on July 29, 2015, a meeting of creditors was held pursuant to Section 341 of the Bankruptcy Code, and Garth was examined under oath pursuant to Section 343 of the Bankruptcy Code.

24. At the initial creditor's meeting, Garth testified under oath that all of the information contained in the Chapter 7 Petition and Statement of Financial Affairs was true and correct.

25. With regard to the Residence, Garth claimed that he transferred it to his wife prior to the filing of his Petition.

26. According to publically available records, a quitclaim deed transferring the Residence from Garth to his wife was recorded on March 13, 2013. *See* Quitclaim Deed, attached hereto as Exhibit "11."

27. However, on information and belief, he has not produced any evidence that he received any consideration for the transfer.

28. Furthermore, on information and belief, Garth received no consideration for the transfer and only effected the transfer in order to avoid LCS' efforts to collect its judgment.

29. According to publically available records, a deed in trust transferring the Residence from Garth's wife to Trust No. 8002359880 was recorded on March 13, 2013. *See* Deed in Trust, attached hereto as Exhibit "12."

30. On information and belief, Garth maintains a beneficial interest in Trust No. 8002359880.

31. With regard to the scaffolding equipment, Garth claimed that it had been stolen. However, he admitted that he never filed a police report and on information and belief, has produced no evidence of the alleged theft.

7

32. On information and belief, Garth still owns and has possession of the scaffolding equipment or portions of the scaffolding equipment.

33. With regard to the Searay, Garth claimed that he sold it to a third party, but on information and belief, he has produced no transfer of title or other document that would evidence the sale.

34. On information and belief, Garth still owns and has possession of the Searay.

35. Finally, despite the fact that the Circuit Court made a judicial determination that Garth is the sole owner of AG, he did not list any ownership interest in AG. Instead, in his Petition and at the initial creditor's meeting, Garth claimed that he is employed by AG and receives monthly income of $2,000.00. When questioned further at the initial creditor's meeting, Garth claimed to be a "consultant." However, at the subsequent creditor's meeting, he admitted that he submits bids on construction projects on behalf of AG and negotiates its construction contracts which are consistent with the duties of an owner.

36. On information and belief, Garth oversees all aspects of AG's operations.

37. Moreover, in his capacity as owner, Garth maintains full access to and control over AG's assets and bank account.

38. With such access and control, Garth has used and continues to use assets of AG to pay his personal expenses but has not reported those disbursements as income in this proceeding.

39. On August 4, 2015, LCS filed its Proof of Claim. *See* Proof of Claim, attached hereto as Exhibit "13." The Proof of Claim asserts a secured claim against all personal property of Garth based upon the existence of LCS' citation lien. *See* Exhibit "13."

8

40. On August 13, 2015, this Court granted LCS' Motion for Relief from the Automatic Stay so that it could pursue collection of the funds held by FAT. *See* Order dated August 13, 2015, attached hereto as Exhibit "14."

41. On August 25, 2015, the Circuit Court granted LCS' Petition for Illinois Supreme Court Rule 137 Sanctions against AG and its attorneys in the amount of $9,545.00. *See* Order and Opinion dated August 25, 2015, attached hereto as Exhibit "15." In its Opinion, the Court agreed that AG's Motion to Vacate and Motion to Extend needlessly raised issues that had previously been decided in its December 2014 Order. *See* Exhibit "15" at page 24.

42. AG's Motion to Vacate and Motion to Extend were in turn denied.

43. As of the date of this filing, the funds held by FAT have been dispersed to LCS. There have been no further distributions of any kind to LCS.

### COUNT I - THE DEFENDANT MADE FALSE OATHS

44. Plaintiff LCS, a creditor, re-alleges Paragraphs 1-43 of this Adversary Complaint as if set forth fully herein.

45. Section 727(a)(4) provides that the debtor shall obtain a discharge unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account, among other things.

46. In his Petition (including all schedules) and at the creditor meetings described above, Garth failed to disclose the following assets and income:

    a. His beneficial interest in Trust No. 8002359880;

    b. The Searay;

    c. The scaffolding equipment;

    d. His ownership interest in A.G. Construction Services, Inc.; and

    e. Income Garth received from AG.

47. For failure to disclose those and assets and income, the Defendant knowingly and fraudulently made false oaths in connection with the filing of his Schedules and Statement of Financial Affairs.

WHEREFORE, LCS Construction Co., respectfully asks the Court to deny the Defendant's discharge pursuant to Section 727(a)(4) of the Bankruptcy Code; and for such other relief as is just and appropriate.

### COUNT II – FAILURE TO EXPLAIN LOSS OF ASSET

48. Plaintiff LCS, a creditor, re-alleges Paragraphs 1-43 of this Adversary Complaint as if set forth fully herein.

49. Section 727(a)(5) provides that the debtor shall obtain a discharge unless the debtor has failed to explain satisfactorily, before determination of denial of discharge any loss of assets or deficiency of assets to meet the debtor's liabilities.

50. Garth has failed to explain satisfactorily his purported loss or deficiency of the following assets:

    a. His Residence;

    b. The Searay;

    c. The scaffolding equipment;

    d. His ownership interest in A.G. Construction Services, Inc.; and

    e. Income Garth received from AG.

51. For failure to explain satisfactorily the loss and or deficiency of those assets, Garth is not entitled to a discharge.

WHEREFORE, LCS Construction Co., respectfully asks the Court to deny the Defendant's discharge pursuant to Section 727(a)(5) of the Bankruptcy Code; and for such other relief as is just and appropriate.

Dated: October 30, 2015                    **LCS CONSTRUCTION CO.,** Plaintiff


                        By:     /s/ Ariel Weissberg
                              One of its attorneys


Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Attorney No. 03125591